IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| AMIR FATIR, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-580 |
| | ) |
| KONINKLUKE PHILIPS, N.V., et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Presently before the court is a MOTION FOR APPOINTMENT OF COUNSEL (Document No. 5) filed *pro se* by plaintiff Amir Fatir ("plaintiff"). For the following reasons, the motion will be denied without prejudice.

A plaintiff has no right to counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). A court cannot compel counsel to represent an indigent civil litigant. Tarbon v. Grace, 6 F.3d 147, 157 n.7 (3d Cir. 1993). A court may consider requesting counsel to represent a plaintiff. When considering whether to request counsel in a civil case, a court must determine first whether the plaintiff's claim has arguable merit in fact and law. Tarbon, 6 F.3d at 155. Once a district court makes such a determination, it must consider the following factors: (1) a plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) a plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Gordon v. N. Gonzalez, 232 F. App'x 153, 156 (3d Cir. 2007); see Tarbon, 6 F.3d at 156-57.

The court is unable to evaluate the foregoing factors because no facts have been alleged

that might aid the court in evaluating whether requesting a counsel to represent plaintiff is necessary. The court observes that the parties have reached settlements with respect to economic losses and personal injury claims and have filed a motion for preliminary approval of a medical monitoring class settlement. Accordingly, plaintiff's request for the appointment of counsel must be denied without prejudice.

The court forwarded plaintiff's motion to attorney Aaron Rihn, for his consideration and review. Attorney Rihn was appointed by the court as liaison counsel in the overall multidistrict litigation at Master Docket No. 21-1230. A copy of this Opinion and Order will be mailed to Plaintiff.

CONCLUSION

In accordance with the foregoing, Plaintiff's Motion for Appointment of Counsel (ECF No. 5) will be **DENIED** without prejudice.

An appropriate order will be entered.

DATED: May 9, 2024

BY THE COURT:

/s/ Joy Flowers Conti
Senior United States District Court Judge

cc:     Amir Fatir
        PRO SE